IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | 1:21-cr-00269-TNM |
| : | |
| vs. : | |
| : | |
| SEAN CORDON : | |
| : | |
| **Defendant** : | |

### DEFENDANT'S SENTENCING MEMORANDUM

Sean Cordon, through counsel, Steve Mercer and the law offices of RaquinMercer LLC, respectfully requests a sentence of no incarceration or confinement as "sufficient, but not greater than necessary" to accomplish the purposes of 18 U.S.C. § 3553(a)(2). Mr. Cordon also respectfully requests that the Court not impose a period of probation or a fine. Mr. Cordon states the following in support of these requests.

1.  The defendant, Sean Cordon, was charged by an information with the following violations for entering the U.S. Capitol on January 6, 2021: 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds); 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds); 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building); and 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building).

2.  Police arrested Sean Cordon on March 9, 2021, around 6:00 a.m. when they executed a search warrant at his residence in the Central District of California. He initially appeared before the U.S. District Court in the Central District of California on March 9, 2021 and was released. On March 16, 2021, he appeared before the Court on the criminal complaint filed on March 4, 2021. United States Magistrate Judge Zia M. Faruqui set the conditions of release as personal recognizance with supervision by pretrial services. (ECF #16). Sean Cordon has fully complied with the conditions of his pretrial release.

3.  On August 27, 2021, Sean Cordon accepted responsibility for his actions on January 6, 2021, and plead guilty to Count Four of the Information, pursuant to a written plea agreement. Sean Cordon understands that a conviction for Count Four carries a maximum sentence of six months imprisonment, pursuant to 40 USC §5109(b); a fine of not more than $5,000, pursuant to 18 USC §3571(b)(6); and an obligation to pay any applicable interest on penalties on fines and restitution not timely made.

4.  Under the terms of the plea agreement, Sean Cordon agreed to pay restitution in the amount of $500. He has paid the restitution to the Clerk of the Court. Sean Cordon also agreed to allow law enforcement agents to review any social media accounts operated by him for statements and postings on and around January 6, 2021, and to interview him regarding the events of January 6, 2021. He has fully complied with these obligations.

5.  The Court must determine a sentence that is "sufficient, but not greater than necessary, to comply with the purposes … (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(2). Here, the U.S. Sentencing Guidelines do not recommend a sentence because the conviction for Count Four is a Class B misdemeanor. U.S.S.G. §1B1.9.

6.  An individualized assessment of Sean Cordon's role in the offense shows that, on January 5, 2021, he traveled from Los Angeles, California to Washington, D.C., with his brother Kevin Cordon, to attend a political rally on January 6, 2021. Sean Cordon's purpose was to peacefully witness a significant constitutional event. He did not come to Washington, D.C., to participate in or provoke an

insurrection. Following a political rally held on the National Mall in front of the White House, he walked with his brother and a large crowd to the U.S. Capitol.

7. At around 2:26 p.m., Sean Cordon entered the U.S. Capitol by climbing through a broken window on the west side, Senate wing of the U.S. Capitol. He and his brother walked among a crowd into the Crypt of the U.S. Capitol, and then turned around and left the building through a window next to the one they entered. At 2:30 p.m., Sean Cordon and his brother exited the U.S. Capitol. Sean Cordon walked around the U.S. Capitol and left the area with his brother.

8. As he walked away from the U.S. Capitol, Sean Cordon realized that the events of January 6, 2021, marked the end—not the beginning—of the effort to constitutionally address Congress's procedure for formally accepting the electoral college results. He felt unsettled by the events he had just witnessed and regretted his impulsive judgment to enter the U.S. Capitol.

9. Subsequently, the FBI received a tip that Sean Cordon attended the rally on January 6, 2021, with his brother, Kevin Cordon. On February 17, 2021, the FBI authorized a "full" investigation of the brothers. The scope of the FBI investigation of Sean Cordon included his phone records, cell site location information, airport security video footage, air travel information, Google account and location information, Apple account information, Twitter account information, retail transactions, blog posts (dating back to 2011), surveillance of his residence, employment history, driver's history, searches of multiple government databases, and investigation of his fiancé.

10. On March 4, 2021, the FBI obtained a criminal complaint charging Sean Cordon with two misdemeanor counts. On March 5, 2021, the FBI secured a search warrant for his residence. On March 8, 2021, the FBI obtained the keys to Sean Cordon's apartment building and his apartment.

11. On March 9, 2021, at around 6:00 a.m., FBI Los Angeles Field Office (LAFO) Special Agents (SA) and a Task Force Officer (TFO), with the assistance of LAFO Special Weapons and

Tactics (SWAT) Team, served a federal arrest and search warrant at Sean Cordon's residence. The FBI took Mr. Cordon into custody without incident. The FBI seized Sean Cordon's cellular phone and subsequently extracted all its data. He fully cooperated with the law enforcement officials and gave a recorded statement conveying remorse and accurately describing his conduct on January 6, 2021.

12. At the time of his arrest, Sean Cordon was employed as an engineering manager at Royal Truck Body. Sean Cordon is a 2011 graduate of California State University with a Bachelor of Science degree in Mechanical Engineering. His arrest was widely reported in the local media. Afterwards, Royal Truck Body terminated Sean Cordon's employment. Moreover, Sean Cordon's future employment prospects in his profession are significantly diminished.

13. Due to the notoriety of his case, Sean Cordon decided to pursue self-employment and started-up a commercial cleaning business. He reports long hours but modest financial success. Most importantly, he can continue to care for his two young daughters. He shares physical and legal custody of his daughters with their mother. Sean Cordon's time is fully occupied by work and his family. Eventually, he hopes to return to the engineering field but that is a longer-term objective.

14. Unquestionably, the purposes of punishment include affording adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(B). Sean Cordon's history in the areas of family, education, and employment, and his acceptance of responsibility, demonstrate that he is at very low risk to recidivate. He is contrite and remorseful regarding his conduct. Therefore, a sentence that imprisons or confines Sean Cordon is greater than necessary to accomplish the goal of deterrence.

15. In terms of the seriousness of the offense and respect for the law, an individualized assessment of Sean Cordon's conduct demonstrates that imprisonment or confinement is a greater punishment than necessary. He did not incite or provoke an insurrection. He did not engage in any violent conduct. Although he did follow the crowd into the Capitol Building in a momentary lapse of

judgment, within four minutes he left. Still, however brief his error of judgment, the impact of the arrest, prosecution, and conviction on his life is indelible. The conviction itself will remain indefinitely on his record. That is sufficient punishment to accomplish the goals of sentencing.

16. In these circumstances, it is entirely appropriate for the Court not to place Mr. Cordon on probation. For the past eight months, he has demonstrated full compliance with the conditions of his release. He is employed and supports his family. He does not have any substance abuse issues. Further supervision is unnecessary to reasonably assure the public's safety. Also, probation is unnecessary because Mr. Cordon does not need educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a)(2). Sean Cordon's conviction itself is sufficient punishment.

17. Therefore, based on an individualized assessment of the factors under § 3553(a), the defense requests a sentence of no imprisonment, confinement, or probation.

RaquinMercer LLC

By: /s/
Stephen Mercer, #MD12855
5906 Hubbard Drive
Rockville, Maryland 20852
Tel:   (301) 880-9270
Fax:   (833) 816-5605
Email: Steve@RaquinMercer.com

*Attorney for Sean Cordon*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that this Sentencing Memorandum was served this November 5, 2021, *via* the DC-ECF filing system on:

> Clayton O'Connor
> Trial Attorney, detailed to the
> United States Attorney's Office for the
>   District of Columbia
> 555 Fourth Street, N.W.
> Washington, D.C. 20530
> 202-616-3308
> Clayton.oconnorAusdoj.gov

By: _____/s/_____
Steve Mercer